Exhibit "A"

**ACORD®** **GENERAL LIABILITY NOTICE OF OCCURRENCE / CLAIM**

| DATE (MM/DD/YYYY) |
|---|
| 01/20/2017 |

| AGENCY | PHONE (A/C, No, Ext): 570-822-5111 | | NOTICE OF OCCURRENCE | DATE OF OCCURRENCE AND TIME | | DATE OF CLAIM | PREVIOUSLY REPORTED |
|---|---|---|---|---|---|---|---|
| FRANK P. CROSSIN AGENCY INC. 575 PIERCE ST. RIVERSIDE COMMONS KINGSTON, PA 18704 | | | X NOTICE OF CLAIM | | AM PM | 4/21/17 | YES X NO |
| | | | EFFECTIVE DATE 01/01/2017 | EXPIRATION DATE 01/01/2018 | POLICY TYPE | | RETROACTIVE DATE |
| FAX (A/C, No): E-MAIL ADDRESS: | | | | | OCCURRENCE X CLAIMS MADE | | |
| | | | COMPANY QBE SPECIALTY INSURANCE CO | NAIC CODE: | MISCELLANEOUS INFO (Site & location code) | | |
| CODE: | SUB CODE: | | POLICY NUMBER QPO 0112O-OO | | REFERENCE NUMBER | | |
| AGENCY CUSTOMER ID: | | | | | | | |

**INSURED**

| NAME AND ADDRESS | SOC SEC # OR FEIN: | CONTACT | | CONTACT INSURED | |
|---|---|---|---|---|---|
| KINGSTON BOROUGH 500 WYOMING AVE. KINGSTON, PA 18704 | | NAME AND ADDRESS SONDRA-BOROUGH SEC. 570-288-4576 X111 | | | WHERE TO CONTACT |
| RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) | BUSINESS PHONE (A/C, No, Ext) | | WHEN TO CONTACT |
| CELL PHONE (A/C, No) | E-MAIL ADDRESS | CELL PHONE (A/C, No) | E-MAIL ADDRESS | | |

**OCCURRENCE**

| LOCATION OF OCCURRENCE (include city & state) | | AUTHORITY CONTACTED |
|---|---|---|
| DESCRIPTION OF OCCURRENCE (Use separate sheet, if necessary) | SEE ATTACHED SUIT PAPERS. | |

**POLICY INFORMATION**

| COVERAGE PART OR FORMS (Insert form #s and edition dates) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| GENERAL AGGREGATE 1,000,000 | PROD/COMP OP AGG | PERS & ADV INJ | EACH OCCURRENCE 1,000,000 | FIRE DAMAGE | MEDICAL EXPENSE | DEDUCTIBLE 50,000 | PD DI |
| UMBRELLA/ EXCESS | UMBRELLA | EXCESS | CARRIER: | | LIMITS: | AGGR | PER CLAIM/OCC | SIR/ DED |

**TYPE OF LIABILITY**

| PREMISES: INSURED IS | OWNER | TENANT | OTHER: | | TYPE OF PREMISES |
|---|---|---|---|---|---|
| OWNER'S NAME & ADDRESS (If not insured) | KINGSTON BOROUGH | | | | |
| PRODUCTS: INSURED IS | MANUFACTURER | VENDOR | OTHER: | | OWNERS PHONE (A/C, No, Ext) TYPE OF PRODUCT |
| MANUFACTURER'S NAME & ADDRESS (If not insured) | | | | | |
| WHERE CAN PRODUCT BE SEEN? | | | | | MANUFACT PHONE (A/C, No, Ext) |
| OTHER LIABILITY IN-CLUDING COMPLETED OPERATIONS (Explain) | | | | | |

**INJURED/PROPERTY DAMAGED**

| NAME & ADDRESS (Injured/Owner) | GEORGE KOCHER | | | PHONE (A/C, No, Ext) |
|---|---|---|---|---|
| AGE | SEX | OCCUPATION | EMPLOYER'S NAME & ADDRESS KINGSTON BOROUGH POLICE | PHONE (A/C, No, Ext) |
| DESCRIBE INJURY FATALITY | | | WHERE TAKEN | WHAT WAS INJURED DOING? |
| DESCRIBE PROPERTY (Type, model, etc.) | | ESTIMATE AMOUNT | WHERE CAN PROPERTY BE SEEN? | WHEN CAN PROPERTY BE SEEN? |

**WITNESSES**

| NAME & ADDRESS | | BUSINESS PHONE (A/C, No, Ext) | RESIDENCE PHONE (A/C, No) |
|---|---|---|---|
| | | | |

| REMARKS |
|---|
| |

| REPORTED BY INSURED | REPORTED TO AGENT | SIGNATURE OF INSURED | SIGNATURE OF PRODUCER |
|---|---|---|---|

## DON CROSSIN

**From:**     "Sondra Riviello" <SRiviello@kingstonpa.org>
**Date:**     Friday, April 21, 2017 1:28 PM
**To:**       <dcrossin@frontier.com>
**Attach:**   20170421090505.pdf
**Subject:**  claim

Don,

We were served with the attached document earlier today.  Please call me or Paul for further details.
Our labor relations attorney is Bradley Betack at Campbell Durrant Beatty Palombo in Philadelphia.

Sondra Riviello

Finance Secretary

Municipality of Kingston

500 Wyoming Avenue, Kingston, PA 18704

Tel: 570-288-4576

Fax: 570-288-9493

YOU ARE HEEBY NOTICED
TOPLEAD TO THE ENCLOSED
PLEADING WITHIN TWENTY
(20 DAYS) FROM THE SERVICE
HEREOF OR A DEFAULT
JUDGMENT MAY BE ENTERED
AGAINST YOU

The Employment Law Firm
Cynthia L. Pollick, LLM
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

Attorney for Plaintiff

| | | |
|---|---|---|
| GEORGE KOCHER, | : | IN THE COMMON PLEAS OF |
| | : | LUZERNE  COUNTY |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| -v- | : | |
| | : | JURY TRIAL DEMANDED |
| BOROUGH OF KINGSTON and | : | |
| MAYOR JAMES HAGGERTY | : | |
| | : | |
| Defendants | : | NO. *Jo/75/00* |

## NOTICE

You have been sued in Court.  If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the complaint or for any relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

1

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPOHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

North Penn Legal Services, Inc.   or   101 West Broad Street, Suite 513
33 N Main Street, Suite 200              Hazleton, PA  18201
Pittston, PA 18640                          (570) 455-9512
(570) 299-4100                              (877) 953-4250 Toll free
(877)953-4250                               (570) 455-3625 Fax
(570) 824-0001 Fax

2

YOU ARE HEEBY NOTICED
TOPLEAD TO THE ENCLOSED
PLEADING WITHIN TWENTY
(20 DAYS) FROM THE SERVICE
HEREOF OR A DEFAULT
JUDGMENT MAY BE ENTERED
AGAINST YOU

The Employment Law Firm
Cynthia L. Pollick, LLM
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

Attorney for Plaintiff

2011 APR 20   AM 9:45

GEORGE KOCHER,                    :

           Plaintiff              :        IN THE COMMON PLEAS OF
                                  :           LUZERNE COUNTY
                                  :
                                  :        CIVIL ACTION – LAW
       -v-                        :
                                  :        JURY TRIAL DEMANDED
                                  :
BOROUGH OF KINGSTON and           :
MAYOR JAMES HAGGERTY              :

           Defendants             :        NO. 20175100

## COMPLAINT

NOW come the Plaintiff, GEORGE KOCHER, by his attorney, Cynthia L. Pollick, Esquire, and files the following Complaint against Defendants and avers as follows:

1.     Plaintiff, GEORGE KOCHER, is a Police Officer for Defendant Borough of Kingston and has worked for the Borough of Kingston for over 12 years.

1

2.      Defendant, BOROUGH OF KINGSTON, is a municipality in the Commonwealth of Pennsylvania, with a business address of 500 Wyoming Avenue, Kingston PA 18704.

3.      Defendant, MAYOR JAMES HAGGERTY, was responsible for all decision related to the Police Department, and has a business address of 500 Wyoming Avenue, Kingston PA 18704.

## COUNT I
### RETALIATION FOR FILING WORKERS' COMPENSATION CLAIM
### PLAINTIFF V. DEFENDANTS

4.      Paragraphs 1-3 above are incorporated herein by reference as if fully set forth herein at length.

5.      On June 8, 2015, Plaintiff was injured on the job.

6.      Plaintiff sustained a work-related left knee injury that required arthroscopy surgery.

7.      In August 2015, Plaintiff filed for workers' compensation benefits.

8.      On September 22, 2015, Plaintiff was told that his work related doctor's excuse was insufficient.

9.      Plaintiff told Defendants that it was the same excuse that had been accepted on a prior occasion.

10.   Defendants told Plaintiff to go to Dr. Raklewicz's office and get released for light duty.

11.   Plaintiff told Defendants that the doctor's note was accepted by workers' compensation and that Plaintiff was not released to return on light duty.

12.   In October 2015, Defendants and their agents harassed Plaintiff by placing numerous calls to him related to his medical condition and return to work. It became so harassing that Plaitniff had to state do not contact him anymore.

13.   On October 13, 2015, Plaintiff informed Defendants that he was going to his personal doctor and seeking a second opinion from Dr. Raklewicz's.

14.   Plaintiff was informed that he was not allowed to go out of the workers compensation network and demanded that Plaintiff tell them who Plaintiff was going to treat with.

15.   Plaintiff told Defendants that he could go to his doctor because it was past the 90 day treating physician period.

16.   On November 12, 2015, Plaintiff received a phone call from Defndants' agent, Riviello, who claimed that Plaintiff was not in touch with the

workers compensation nurse; however, Plaintiff told her he had just spoke to the workers compensation nurse.

17.   Ms. Riviello stated that Plaintiff was to come back and work light duty.

18.   Plaintiff told her that was against the orders of his doctor, Dr. Krywicki.

19.   She again told Plaintiff that he was going to be working light duty. Plaintiff told her that she should be contacting the workers' compensation nurse not him.

20.   On January 15, 2016, Plaintiff learned that Defendants were conducting interviews for a Detective position.

21.   Plaintiff was 2nd on the certified list for eligible applicants for the position of Detective.

22.   Although Plaintiff was 2nd on the list, Defendants refused to interview or select him for the position of Detective although he should have received that position.

23.   In all past selections, all eligible candidates were interviewed.

24.   Plaintiff was not given the position of Detective because of he filed a claim for workers' compensation benefits.

25.    On or about January 20, 2016, Plaintiff learned that the applicant below him, John Anthony, received the position of Detective, which should have been given to Plaintiff.

26.    All the actions taken above were done in retaliation for Plaintiff having filed a workers' compensation claim.

27.    The actions by Defendants, as described herein, were willful, deliberate, intentional, outrageous, and carried out with extreme indifference to Plaintiff's rights, such that an award of punitive damages is warranted.

**WHEREFORE**, Plaintiff KOCHER demands judgment against Defendants in an amount in excess of $50,000.00 and all remedies available, including but not limited, installment in a Detective position, lost wages, front pay, compensatory damages, emotional distress, punitive damages, delay damages, and any damage the Court sees fit in law or equity.

A jury trial is demanded.

By: _____

Cynthia L. Pollick, Esquire, LLM
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

5

## VERIFICATION

I, Cynthia L. Pollick, Esquire, being duly sworn according to law, deposes and says, that she is the attorney for Plaintiff, George Kocher, and that Plaintiff were unable to sign the foregoing Complaint within the time required, and upon information and belief, the facts contacted in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.  I understand that false statements herein are made subject to penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

_____
Cynthia L. Pollick

Exhibit "B"

**YOU ARE HEEBY NOTICED
TOPLEAD TO THE ENCLOSED
PLEADING WITHIN TWENTY
(20 DAYS) FROM THE SERVICE
HEREOF OR A DEFAULT
JUDGMENT MAY BE ENTERED
AGAINST YOU**

The Employment Law Firm
Cynthia L. Pollick, LLM
I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675

Attorney for Plaintiff

| | | |
|---|---|---|
| GEORGE KOCHER, | : | IN THE COMMON PLEAS OF |
| | : | LUZERNE  COUNTY |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| -v- | : | |
| | : | JURY TRIAL DEMANDED |
| BOROUGH OF KINGSTON and | : | |
| MAYOR JAMES HAGGERTY | : | |
| | : | |
| Defendants | : | NO.   2017-5100 |

## AMENDED COMPLAINT

NOW come the Plaintiff, GEORGE KOCHER, by his attorney, Cynthia L. Pollick, Esquire, and files the following Amended Complaint against Defendants and avers as follows:

1.    Plaintiff, GEORGE KOCHER, is a Police Officer for Defendant Borough of Kingston and has worked for the Borough of Kingston for over 12 years.

1

2.     Defendant, BOROUGH OF KINGSTON, is a municipality in the Commonwealth of Pennsylvania, with a business address of 500 Wyoming Avenue, Kingston PA 18704.

3.     Defendant, MAYOR JAMES HAGGERTY, was responsible for all decision related to the Police Department, and has a business address of 500 Wyoming Avenue, Kingston PA 18704.

**COUNT I**
**RETALIATION FOR FILING WORKERS' COMPENSATION CLAIM**
**PLAINTIFF V. DEFENDANTS**

4.     Paragraphs 1-3 above are incorporated herein by reference as if fully set forth herein at length.

5.     On June 8, 2015, Plaintiff was injured on the job.

6.     Plaintiff sustained a work-related left knee injury that required arthroscopy surgery.

7.     In August 2015, Plaintiff filed for workers' compensation benefits.

8.     On September 22, 2015, Plaintiff was told that his work-related doctor's excuse was insufficient.

9.     Plaintiff told Defendants that it was the same excuse that had been accepted on a prior occasion.

10.    Defendants told Plaintiff to go to Dr. Raklewicz's office and get released for light duty.

11.    Plaintiff told Defendants that the doctor's note was accepted by workers' compensation and that Plaintiff was not released to return on light duty.

12.    In October 2015, Defendants and their agents harassed Plaintiff by placing numerous calls to him related to his medical condition and return to work.  It became so harassing that Plaintiff had to state do not contact him anymore.

13.    On October 13, 2015, Plaintiff informed Defendants that he was going to his personal doctor and seeking a second opinion from Dr. Raklewicz's.

14.    Plaintiff was informed that he was not allowed to go out of the workers compensation network and demanded that Plaintiff tell them who Plaintiff was going to treat with.

15.    Plaintiff told Defendants that he could go to his doctor because it was past the 90-day treating physician period.

16.    On November 12, 2015, Plaintiff received a phone call from Defendants' agent, Riviello, who claimed that Plaintiff was not in touch with

the workers compensation nurse; however, Plaintiff told her he had just spoke to the workers compensation nurse.

17.  Ms. Riviello stated that Plaintiff was to come back and work light duty.

18.  Plaintiff told her that was against the orders of his doctor, Dr. Krywicki.

19.  She again told Plaintiff that he was going to be working light duty. Plaintiff told her that she should be contacting the workers' compensation nurse not him.

20.  On January 15, 2016, Plaintiff learned that Defendants were conducting interviews for a Detective position.

21.  Plaintiff was 2nd on the certified list for eligible applicants for the position of Detective.

22.  Although Plaintiff was 2nd on the list, Defendants refused to interview or select him for the position of Detective although he should have received that position.

23.  In all past selections, all eligible candidates were interviewed.

24.  Plaintiff was not given the position of Detective because of he filed a claim for workers' compensation benefits.

25.    On or about January 20, 2016, Plaintiff learned that the applicant below him, John Anthony, received the position of Detective, which should have been given to Plaintiff.

26.    All the actions taken above were done in retaliation for Plaintiff having filed a workers' compensation claim.

27.    The actions by Defendants, as described herein, were willful, deliberate, intentional, outrageous, and carried out with extreme indifference to Plaintiff's rights, such that an award of punitive damages is warranted.

**WHEREFORE**, Plaintiff KOCHER demands judgment against Defendants in an amount in excess of $50,000.00 and all remedies available, including but not limited, installment in a Detective position, lost wages, front pay, compensatory damages, emotional distress, punitive damages, delay damages, and any damage the Court sees fit in law or equity.

## COUNT TWO
### DISCRIMINATION/RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION
### ADAAA/PHRA

28.    Paragraphs 1-27 above are incorporated herein by reference as if fully set forth herein at length.

29.    Defendants employed at least 15 employees at all material times hereto, and is an "employer" as defined by ADAAA.

5

30.    All conditions precedent to jurisdiction under ADAAA have occurred or have been complied with as follows:

a.    A charge of employment discrimination was filed with the PHRC/EEOC within 180 days of the discrimination.

b.    A notice of right to sue was issued by EEOC, and this Complaint was filed within 90 days of receipt of EEOC's notice of right to sue.

c.    All the discriminatory employment practices and conduct alleged herein were committed within the Commonwealth of Pennsylvania.

d.    Plaintiff exhausted his administrative remedies in good faith.

31.    In or around August 2015, Plaintiff requested a leave of absence due to a medical condition.

32.    Instead of honoring such request, in direct retaliation for requesting a reasonable accommodation Defendant Borough of Kingston and it agents began harassing Plaintiff, including but not limited to, by not accepting his doctor's note, insisting he get released to light duty, continuous calls regarding his medical condition, advising incorrectly that he could not see his private medical doctor, not interviewing him for the open Detective

position, which he was 2nd on the eligibility list and by failing to hire him for that position.

33.    Defendant Borough of Kingston and its agents discriminated against Plaintiff because of his medical condition when they failed to hire him for the open position of Detective when they selected the 3rd ranked individual over him.

**WHEREFORE**, Plaintiff KOCHER demands judgment against Defendants in an amount in excess of $50,000.00 and all remedies available, including but not limited, installment in a Detective position, lost wages, front pay, compensatory damages, emotional distress, punitive damages, delay damages, and any damage the Court sees fit in law or equity.

A jury trial is demanded on all counts

By: <u>Cynthia L. Pollick</u>
Cynthia L. Pollick, Esquire, LLM
Pa. I.D. No.: 83826
363 Laurel Street
Pittston, PA 18640
(570) 654-9675
pollick@lawyer.com

## CERTIFICATE OF SERVICE

Cynthia L Pollick, Esquire, hereby certifies that on October 30, 2017, she served a copy of Plaintiff's Amended Complaint on Defendants' counsel by serving a copy via email:

> Sean P. McDonough, Esquire
> Dougherty, Leventhal & Price, LLP
> 75 Glenmaura National Blvd.
> Moosic, PA 18507

s/ Cynthia L. Pollick
Cynthia L Pollick, Esquire
